# REPORTS

OF

CASES DECIDED IN ALL THE

# JUDICIAL DISTRICTS

OF

# PENNSYLVANIA

## VOL. I.

Pennsylvania Company for Insurances on Lives, &c., v. Tull.

*Negotiable instruments — Collateral note — Conversion of certificates of stock—Right of lender to transfer collateral to his own name.*

1. In a suit upon a collateral note, with which defendant deposited certain shares of stock with the usual power to sell in case of default, an affidavit of defence is insufficient which alleges that plaintiff converted the stock to its own use by transferring it from the name of defendant to that of plaintiff, so that defendant was unable to obtain the dividends.

2. The stock was pledged as security for the loan, and plaintiff had the option of keeping the stock in the name of defendant, with power to transfer it, or of exercising the power and placing the stock in its own name.

3. Plaintiff was under obligation to return the stock, but not necessarily the identical certificates.

*Negotiable instruments—Rate of interest on loan after refusal of payment.*

4. When a note provides for interest at 5 per cent., 6 per cent. will be allowed only from the date of demand for payment.

Rule for judgment for want of sufficient affidavit of defence. C. P. No. 3, Phila. Co., June T., 1921, No. 3887.

*Saul, Ewing, Remick & Saul,* for plaintiff; *Levi & Mandel,* for defendant.

FERGUSON, J., Nov. 23, 1921.—This is a suit upon a promissory note. The note appears to be a collateral note, the defendant having deposited with the plaintiff certain shares of stock with the usual authority to make sale in case of default. The defendant admits the execution of the note and asserts that the plaintiff appropriated or° converted the stock pledged to its own use. A counter-claim is set up, in which it is averred that at the time of the alleged conversion the stock was of sufficient value in the market to more than discharge the obligation, and the defendant claims of the plaintiff the difference between the market value and the amount due on the note.

We think the affidavit of defence is insufficient. To allege that the plaintiff appropriated and converted the stock to its own use is meaningless without showing in what manner the conversion took place. A supplemental affidavit of defence explains what was done. It appears that the stock was transferred from the name of the defendant to that of the plaintiff. As a conse-

Ehler *v.* Lower Paxton Township School Directors.

quence, the defendant was unable to obtain the dividends. This is not a sufficient allegation of a conversion. The stock having been pledged as security for a loan, the plaintiff had the option of keeping the stock in the name of the defendant, with power to transfer it, or of exercising the power and placing the stock in its own name: Hubbell *v.* Drexel & Co., 11 Fed. Repr. 115. The plaintiff was under obligation to return the stock, but not necessarily the identical certificates.

Had the defendant tendered the amount of the loan and the plaintiff refused or been unable to deliver the stock, it would have justified the inference that a conversion had been made. It is significant that there is no averment in the affidavit of defence that defendant made demand for the return of the securities pledged.

Upon the subject of interest, it appears that the note was originally made to bear interest at 5 per cent. The affidavit of defence asserts that no demand was made for payment until June 3, 1921, and that there was no agreement to pay interest at 6 per cent. We are of opinion, therefore, that the plaintiff is entitled to judgment for the principal of the note, with interest at 5 per cent. to June 3, 1921, and at 6 per cent. from that date to the day of judgment, less the amount of $713.31, which the plaintiff admits has been paid on account of interest. The averment in the counter-claim of the payment of a larger sum as interest is too indefinite for consideration, aside from the fact that it is not set up in the affidavit of defence.